IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.: |
| | : | 1:22-CV-02234-MHC-JKL |
| v. | : | |
| | : | JURY TRIAL DEMAND |
| DEL FRISCO'S GRILLE OF ATLANTA, LLC, | : | |
| | : | |
| Defendant. | : | |

## AMENDED COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Brittany Radford ("Radford"), who was adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC") alleges that Del Frisco's Grille of Atlanta, LLC ("Defendant") engaged in intentional discrimination against Radford by discharging her when her sincerely-held religious beliefs conflicted with a work requirement rather than accommodating her, in violation of Title VII.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to

1

Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3.     EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant has continuously been a corporation doing business in the state of Georgia and the city of Atlanta and has continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6.     More than thirty days prior to the institution of this lawsuit, Radford filed a Charge of Discrimination with the EEOC alleging violations of Title VII by

Defendant.

7.     On December 8, 2021, the EEOC issued to Defendant a Letter of Determination on Radford's Charge of Discrimination finding reasonable cause to believe that Title VII had been violated and inviting Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.     On February 17, 2022, the EEOC issued to Defendant a Notice of Failure of Conciliation advising Defendant that the EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC.

9.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10.     Since at least December 2019, Defendant has engaged in unlawful employment practices in violation of Title VII.

11.     Defendant is a restaurant located in Atlanta, Georgia.

12.     Radford is a practicing Baptist.

13.     Radford began working for Defendant as a Server in August 2018.

14.     In January 2019, Charging Party requested to not be scheduled to work on Tuesday evenings and Sunday mornings so she could attend bible study meetings and church services due to her sincerely-held religious beliefs.

15.     Radford's request for a religious accommodation was granted in January 2019, and she was not scheduled to work on Tuesday evenings or Sunday mornings.

16.     On October 31, 2019, Defendant was acquired by a new owner.

17.     On or about November 20, 2019, Defendant brought on a new General Manager.

18.     The new General Manager had all employees fill out new availability forms.

19.     Radford filled out her availability form stating that she could not work on Tuesdays or Sunday mornings and as the reasons for her unavailability on those days, Radford wrote "church". Radford also told the new General Manager that she had a religious conflict with working Tuesdays when she attends bible study meetings and Sunday mornings when she attends church services.

20.     On or about December 27, 2019, a new work schedule came out and Radford was scheduled to work on Tuesday, December 31, 2019, in violation of her existing religious accommodation. Other Servers who were not scheduled to work on December 31, 2019, could have been scheduled to work on December 31, 2019, instead of Radford.

21.     In addition to her regular Tuesday bible study meeting obligation, New Year's Eve also included Watchnight service and Radford was planning to

attend church from 6:00 p.m. to midnight. Radford advised the General Manager that she had been scheduled for one of her off days and that she would not be coming in on New Year's Eve because she had to attend church. Radford reminded the General Manager that Tuesdays were listed as unavailable on her availability form that she signed off on. The General Manager responded, "I will see." Radford also informed the rest of the managers that she was not able to work on New Year's Eve and would not be at work because she had to attend church.

22.    Despite reminding the General Manager and the other managers that she had a religious conflict with working on Tuesday, December 31, 2019, her schedule remained unchanged.

23.    Radford worked on December 30, 2019, and spoke with another Manager, and reminded him that she could not work on Tuesday, December 31, 2019, because she attends church.

24.    On December 31, 2019, Radford left a voicemail and texted the manager on duty to let him know that she was still unavailable to come in for her shift that evening.

25.    Radford did not report to work on December 31, 2019, because of her religious conflict.

26.    On January 1, 2020, Defendant discharged Charging Party for not working on December 31, 2019.

27.   Defendant discharged Radford because her sincerely-held religious belief conflicted with her work schedule.

28.   Defendant did not offer Radford a reasonable accommodation for the conflict between her sincerely-held religious beliefs and her work schedule.

29.   Providing the accommodation of scheduling another Server to work on New Year's Eve instead of scheduling Radford was not an undue burden on Defendant.

30.   The effect of the practices complained of above have been to deprive Radford of equal employment opportunities and otherwise adversely affect her status as an employee because of her religion.

31.   The unlawful employment practices complained of above were intentional.

32.   The unlawful employment practices complained of above were done with malice or with reckless indifference to Radford's federally-protected rights.

## **PRAYER FOR RELIEF**

WHEREFORE, the EEOC respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it, from discriminating against its employees on the basis of their religion.

B.   Order Defendant to institute and carry out policies, practices, and

programs which provide equal employment opportunities for employees who need an accommodation for their sincerely-held religious beliefs and practices, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make Radford whole by providing appropriate back pay with pre-judgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.     Order Defendant to make Radford whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in an amount to be determined at trial.

E.     Order Defendant to make Radford whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, loss of enjoyment of life, inconvenience, anxiety, stress, and humiliation, in amounts to be determined at trial.

F.     Order Defendant to pay punitive damages to Radford for Defendant's malicious and/or reckless conduct described above, in an amount to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the EEOC its costs in this action.

## **JURY TRIAL DEMAND**

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

<div style="margin-left: 40%;">

Respectfully submitted,

CHRISTOPHER LAGE
Deputy General Counsel

MARCUS G. KEEGAN
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Supervisory Trial Attorney

/s/Steven A. Wagner
Steven A. Wagner
Trial Attorney
Georgia Bar No. 000529
steven.wagner@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
(470) 531-4838 (direct)
(404) 562-6905 (facsimile)

</div>